UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE EDWARDS                                CIVIL ACTION

VERSUS                                        NO: 19-11742

KIRBY INLAND MARINE, LP                       SECTION: "J"(3)

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 17)** filed by Defendant, Kirby Inland Marine, LP, and an opposition filed thereto by Plaintiff, Ronnie Edwards. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an injury suffered by Plaintiff while working as a machinist for James Marine, Inc. ("JMI") aboard the tugboat, SAMMY TATE, which is owned by Defendant. Plaintiff alleges that he was injured while retrieving a piece of broken pipe when he fell into an open hole in the engine room due to inadequate lighting and the removal of floor plating. Specifically, Plaintiff alleges that Defendant should be held liable under 33 U.S.C. § 905(b) due to the inadequate lighting and removed floor plating hazards that were caused by, or the responsibility of, Defendant.

On March 9, 2021, Defendant filed the instant motion for summary judgment arguing that Defendant has no liability under these circumstances because

Defendant had no knowledge of, and no responsibility for, these conditions, which did not exist at the time Defendant turned the engine room over to JMI. In his opposition, Plaintiff argues that there is a genuine issue of material fact regarding whether Defendant or JMI removed the deck plates in the engine room, which precludes summary judgment. However, Plaintiff does not appear to dispute that summary judgment should be granted regarding Plaintiff's inadequate lighting argument.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would

'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

33 U.S.C. § 905(b) gives a LHWCA worker the right to file a third-party suit against a ship owner for personal injuries sustained during operations aboard the owner's vessel as a result of the vessel owner's negligence. *Pledger v. Phil Guilbeau Offshore, Inc.*, No. 02-1796, 2003 WL 2012382, at *2 (E.D. La. May 1, 2003). In *Scindia Steam Navigation Co. v. De Los Santos*, the Supreme Court defined the vessel owner's duties under section 905(b) to include the following: (1) a turnover duty, meaning that the vessel would be liable if the vessel owner fails to turn over a

reasonably safe ship or fails to warn on turning over the ship of hidden defects of which it knew or should have known; (2) an active control duty, meaning that the vessel would be liable if the vessel owner fails to remedy hazards under the active control of the vessel; and (3) the duty to intervene, which requires not only that the shipowner had actual knowledge of a dangerous condition, but also actual knowledge that the LHWCA worker, in exercise of obviously improvident judgment has failed to remedy the dangerous condition. 451 U.S. 156 (1981).

"The turnover duty applies to the ship owner's obligation before or at the commencement of the [LHWCA worker's] activities." *Kirksey v. Tonghai Mar.*, 535 F.3d 388, 391 (5th Cir. 2007). Vessel owners have two responsibilities under the turnover duty. *Id.* First, the vessel owner must turn over the vessel and its equipment in such a condition that an expert LHWCA worker can perform his operations with reasonable safety. *Id.* Second, the vessel owner must warn the LHWCA worker of hidden or latent dangers that are known or should be known to the vessel owner. *Id.* However, the duty to warn of hidden dangers is narrow. *Volunteer Barge*, 2016 WL 5115417, at *3. The vessel owner does not have to warn of dangers that are either (1) open or obvious, or (2) dangers a reasonably competent LHWCA worker should anticipate encountering. *Id.* (citing *Kirksey*, 535 F.3d at 392). Once the vessel is turned over to the LHWCA worker, the vessel owner has no general duty to supervise or inspect the operations that develop within the confines of the operations that are assigned to the LHWCA worker. *Scindia*, 451 U.S. at 172. The vessel owner is also entitled to assume that the independent contractor and its employees are "expert[s]

4

and experienced" and will themselves exercise reasonable care to carry out their work with safety, and may expect that the contractor is as capable as the shipowner of recognizing hazards to which the contractor's employees may be exposed. *Polizzi v. M/V Zephyros II Monrovia*, 860 F.2d 147, 149 (5th Cir. 1988).

In his opposition, Plaintiff appears to solely argue that there is a genuine issue of material fact regarding whether Defendant breached the *Scindia* turnover duty due to Defendant's alleged removal of the floor plating in the engine room. On the other hand, Defendant argues that there is no material dispute regarding this issue because all evidence shows that JMI, not Defendant, removed the floor plating. Specifically, JMI's corporate deponent, Scott Koenig, testified that JMI's invoice charged Kirby for the removal of the engine room floor plates and that JMI's employees performed that work. (Rec. Doc. 17-2, at pp. 3, 25). Further, Mr. Koenig testified that the removal was performed by JMI employees prior to Plaintiff boarding SAMMY TATE. (*Id.* at p. 3). This aligns with Plaintiff's admission that he had no personal knowledge regarding who removed the floor plating. (Rec. Doc. 17-4, at p. 2).

In contrast, Plaintiff cites to the deposition testimony of Thomas Freeman, Vice President of Safety, Environmental, and Security for JMI, wherein he testified that he had no personal knowledge regarding who removed the floor plating. (Rec. Doc. 19-1, at p. 1). However, Mr. Freeman did testify that he received some information through a conversation with Brian Pulliam, who completed an accident report and an accident investigation form regarding this incident, that Defendant may have

5

removed some floor plates. (*Id.* at p. 3). Mr. Freeman also testified that there may be evidence of this conversation in the form of an e-mail between himself and Mr. Pulliam. (*Id.* at p. 3). Citing this deposition testimony and noting that the discovery deadline of April 27, 2021 has not yet passed, Plaintiff argues that he should be given the opportunity to further investigate which party was responsible for removing the floor plating that created the dangerous opening that Plaintiff fell into. The Court agrees.

Federal courts are entitled to the sound exercise of judicial discretion to deny a motion for summary judgment in order to give the parties an opportunity to fully develop the case. *Marcus v. St. Paul Fire & Marine Ins. Co.*, 651 F.2d 379, 382 (5th Cir. 1981). In light of the testimony of Mr. Freeman, the Court finds that Plaintiff should be given until the discovery deadline to uncover evidence supporting the substance of the conversation between Mr. Freeman and Mr. Pulliam, which may create a genuine issue of material fact regarding who removed the engine room floor plates.

However, since Plaintiff did not contest the remainder of Defendant's motion for summary judgment and it appears to the Court that the motion has merit, Defendant's motion for summary judgment should be partially granted regarding Plaintiff's inadequate lighting arguments and the arguments related to the removal of the floor plates under the *Scindia* active control duty and duty to intervene.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* **(Rec. Doc. 17)** is **GRANTED IN PART** as to all of Plaintiff's arguments except those related to the removal of the floor plates under the *Scindia* turnover duty.

**IT IS FURTHER ORDERED** that the remainder of Defendant's *Motion for Summary Judgment* **(Rec. Doc. 17)** is **DENIED without prejudice**. Defendant may re-urge the remainder of its motion for summary judgment after the discovery deadline has passed.

New Orleans, Louisiana, this 29th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE